IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-3220 |
| | § | CRIMINAL ACTION NO. H-12-286-1 |
| | § | |
| JAIME ARRELLANO LOPEZ, | § | |
| Federal Prisoner # 13333-379, | § | |
| | § | |
| Defendant-Petitioner. | § | |

**MEMORANDUM OPINION AND ORDER**

Defendant-Petitioner Jamie Arrellano Lopez has filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. (Docket Entry No. 31 in Criminial Action H-12-286). He argues that an invalid 2009 state court conviction was wrongly used to enhance his sentence pursuant to a conviction in federal court. The motion will be denied.

On August 24, 2012, Lopez was sentenced to forty-five months in prison after pleading guilty to illegal reentry after having been convicted of an aggravated felony. He has filed an appeal of his conviction, which is currently pending before the United States Court of Appeals for the Fifth Circuit. Lopez v. United States, No. 12-20601. The Fifth Circuit has held that "a criminal defendant may not collaterally attack his conviction until it has been affirmed on direct appeal." Fassler v. United States, 858

F.2d 1016, 1019 (5th Cir. 1988), citing Jones v. United States, 453 F.2d 351, 352 (5th Cir. 1972).

Apart from filing a premature § 2255 motion, Lopez presents a claim that is untimely. Lopez argues that he was wrongly convicted and sentenced to one year in Harris County Jail pursuant to a state district court judgment for deadly conduct. State v. Lopez, No. 121046701010 (337th Dist. Ct., Harris County, Tex., May 1, 2009). State court records reflect that no appeal was filed. See Harris County District Clerk's Website, www.hcdistrictclerk.com. There are no entries on the website for the Texas Court of Criminal Appeals indicating that a state court post-conviction writ of habeas corpus was filed. See www.cca.courts.state.tx.us.

Lopez's challenge to a prior state court judgment is subject to the Anti-Terrorism and Effective Death Penalty Act (AEDPA) provisions, which restrict the time in which a state conviction may be challenged. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998). Under the AEDPA federal habeas petitions that challenge state court judgments are subject to a one-year limitations period as set forth by the following statutory language:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(2).

Lopez's state court conviction for deadly conduct became final on May 31, 2009, because he did not file an appeal. Jimenez v. Quarterman, 129 S.Ct. 681, 685 (2009) (A state conviction becomes final under AEDPA when direct review is no longer available), citing Caspari v. Bohlen, 114 S.Ct. 948 (1994); TEX. R. APP. P. 26.2(a) (West 2009) (defendant must file his appeal within 30 days of the date the trial court enters its judgment). See also Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003), citing Flanagan, 154 F.3d at 197. The one year period for challenging the state court judgment was not tolled by any post-conviction applications. Consequently, the prior conviction cannot be challenged because the claims would be time barred under 28 U.S.C. § 2244(d).

A petitioner cannot use a § 2255 motion to challenge a conviction used to enhance a federal sentence if the prior conviction is itself no longer open to direct or collateral attack due to the petitioner's failure to pursue those remedies while they were available. <u>Daniels v. United States</u>, 121 S.Ct. 1578, 1583 (2001). Lopez presents no explanation for his dilatoriness in presenting a claim against his prior state court conviction. Consequently, Lopez has no recourse under § 2255. <u>Id.</u>

Therefore, the court **ORDERS** that the Motion to Vacate under 28 U.S.C. § 2255 (Docket Entry No. 31) is **DENIED**.

**SIGNED** at Houston, Texas, on this 9th day of November, 2012.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE